[Civ. No. 2193. Second Appellate District.—May 29, 1918.]

PACIFIC RAILWAYS ADVERTISING COMPANY (a Corporation), Appellant, v. LION CLOTHING COMPANY (a Corporation), Respondent.

CONTRACT—STREET RAILWAY ADVERTISING—NONPERFORMANCE—INSUFFICIENCY OF EVIDENCE.—In this action by a street railway advertising company to recover payments due under an advertising contract, it is held that the evidence is not sufficient to support the finding of nonperformance of the contract.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

W. P. Cary, for Appellant.

A. J. Morganstern, for Respondent.

WORKS, J., *pro tem.*—The plaintiff and the defendant entered into a written agreement whereby the former bound itself to carry certain advertising matter for the defendant in all cars of certain street and interurban railway lines in and about San Diego, the contract specifically providing that the advertisements should be carried in "end frames in all cars equipped with same." These end spaces for advertising matter are more valuable to advertisers than spaces on the sides of cars, as they come more readily within the range of vision of passengers. The defendant, believing that the plaintiff was committing a breach of the agreement in not giving a proper amount of service in the matter of advertising in the end spaces, gave notice that the contract was at an end and refused to make certain monthly payments provided for in it. The plaintiff sued to recover the amount of these and other installments, judgment went for the defendant, and the plaintiff appeals.

The trial court found that the appellant had not performed its agreement; that, in the month preceding that in which the respondent had attempted to cancel the contract, one of the street-car companies mentioned in it "changed its street-cars, and the new cars put upon said lines contained

no end frames, and therefore no display in end frames of the advertising of this defendant was had''; and that, in the same month in which the cancellation was attempted, ''the street-car lines covered by said contract had so changed and altered practically all of their cars that end frames were no longer used therein for the display of advertising matter.'' The appellant contends that these findings are not supported by the evidence. There was but one witness, the president and manager of the respondent, who was sworn in its behalf. The record shows that on his direct examination he stated that after a certain date, ''I think our ad was not displayed in end frames at all''; but on his cross-examination he said upon this question, ''If I said that the Lion Clothing Company got no end displays at all after'' the date mentioned, ''I was mistaken.'' On his direct examination he also said, referring to a time before the attempted cancellation of the agreement, ''In some of the cars with end frames the Lion Clothing Company advertisements were not displayed, although I don't know just how many there were.'' On being cross-examined upon this particular phase of his testimony, he said: ''I can't state when it was that I noticed some cars in which our advertisement was not in the end frames, only it was before the cancellation of the contract. It was probably two dozen times that I saw this, but I'm not positive.'' This witness was recalled to the stand later and, after examination by counsel as to other matters, made the following statement in response to questions by the court: ''A good many times my ad was not in the end spaces. It's very hard for me to give the number of times. It might have been thirty and it might have been fifty.'' On cross-examination, immediately after this statement, he said, ''I might have said twenty-four times a little while ago because I am not certain.'' This is the only evidence which tends, even in slight degree, to support the general finding of nonperformance. We may at once dispose of the special findings above quoted by the assertion that they show no breach of the agreement, and therefore do not support the judgment. The question remaining, then, is, Does the evidence give substantial support to the finding of nonperformance? The witness is so uncertain in his testimony that he ranges the times when he noted the absence of the respondent's advertising matter in end frames from twenty-four to fifty. He kept, as far as his

testimony shows, no check or account of either dates or car numbers. He says he is unable to tell when he noticed the omissions. The contract was in effect, from the commencement of operations under it to the date of the attempted cancellation, during a period of a little more than two years. If we take even fifty omissions, the greatest number stated by the witness, we cannot fail to note the trifling and insubstantial character of the breach proven. He may have noted the omission on one and the same car once on each of fifty days out of a total of the 730 days going to make up the two years, while the undisputed evidence produced by the appellant shows that eighty-six cars, or thereabouts, equipped with end frames, were in service on the city streets the greater portion of the two years, and that there were never less than fifty such cars in service at any time. When we contemplate a multiplication of the number of cars in service by the 730 days of the two years, that product to be multiplied by the number of trips made by each car over the streets each day—whatever the number may have been, for the record does not disclose it—there is brought home to our minds the worthlessness of the evidence as a substantial support to the finding of nonperformance. If we have regard to the statement of the witness first made, as to the number of omissions of advertisements, that number being 24, we note that it, like the statement of larger numbers, is based on no data whatever. The circumstance that the witness stated these various numbers, taken together with the tone and tenor of his entire testimony, is plainly indicative of the fact that his statement of numbers is based on no definite recollection and does not rise above the dignity of a guess. Upon the evidence in the record the court could not have made the finding of nonperformance of the contract without the aid of an excursion into the realm of conjecture.

There is a question whether the general finding of nonperformance amounts to a finding of fact, or whether it is but the statement of a conclusion of law (9 Cyc. 732, and cases cited) ; but we merely mention the point in passing, without deciding it, as the judgment is manifestly erroneous upon the ground above discussed.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.